RUMNEY *v.* DETROIT & MONTANA CATTLE CO.

CORPORATIONS—RECEIVERS—RIGHTS OF MINORITY STOCKHOLDERS.
A receiver should not be appointed for a corporation on the application of one comparatively small stockholder, on the ground that another stockholder has obtained full management of the corporation, and that there has been no meeting of the directors, and that no reports of the condition of the company have been filed, and that such other stockholder has declared dividends only when threatened with proceedings for a receiver, and has then withheld the applicant's share of the dividend, where no other stockholders are dissatisfied with the management, and it does not appear that the corporation or the managing stockholder is insolvent, or that the latter has converted any of the corporate property to his own use.

Appeal from Wayne; Lillibridge, J. Submitted April 7, 1898. Decided April 19, 1898.

Bill by John G. Rumney against the Detroit & Montana Cattle Company and its stockholders for the appointment of a receiver. From a decree for complainant, defendants appeal. Reversed.

*Russel & Campbell*, for complainant.

*Elliott G. Stevenson*, for defendants.

HOOKER, J. The complainant, John G. Rumney, is a stockholder of the Detroit & Montana Cattle Company, which is a Michigan corporation. He owns 521 out of 4,000 shares of a capital of $100,000. He is also a member of the Rumney Land & Cattle Company, which has or had contract relations with the Detroit & Montana Cattle Company, and has pending litigation concerning them. Charles F. Hammond is a stockholder, as representative of his father's estate, in the Detroit & Montana

Cattle Company. Complainant's bill states that he has control of a majority of the stock. The business of the Detroit & Montana Cattle Company consists of the raising of cattle in Montana, where it has had large herds for several years, and still has a considerable number, in charge of the Rumney Land & Cattle Company, which is under contract obligations to care for and market the same. Each company claims that the other is its debtor. The bill of complaint is filed against Hammond and the corporation, to enjoin Hammond, whom it alleges to be in absolute and full control of its affairs, from disposing of any property or money in his hands belonging to the Detroit & Montana Cattle Company, to procure the appointment of a receiver of the assets of said company, to obtain an accounting by said Hammond, to compel the turning over to the complainant of his shares of stock, now in the custody of said company, and held by it as security for the performance of the contract made by the Rumney Land & Cattle Company, and to wind up the concern and distribute its assets. The application for a receiver *pendente lite* was heard upon the bill, and answer in the nature of a cross-bill, which also prays accounting between the parties, and upon affidavits permitted to be filed at the hearing, and an order was made for the appointment of such receiver. The defendants have appealed. It seems to be conceded that the application is here upon its merits.

The bill charges Hammond with fraudulently procuring himself to be given absolute and full management, by resolution of the board of directors, against the consent and protest of the complainant, for the purpose of winding up the affairs of the concern, and with preventing the stockholders from managing its affairs. It alleges that no meetings of the directors have been held, no reports of the condition of the company filed as required by law, and that such condition has not been made known to the stockholders. It is alleged, upon information and belief, that no books of the transaction of the business and affairs of

116 MICH.—41.

the corporation have been kept since said Hammond has managed its affairs, except a private memorandum kept by Hammond, which is inaccessible to stockholders and officers, and that he has declined and refused to give true and accurate statements of such matters to the president and other officers of the corporation. It is also alleged that defendant Hammond has declared dividends only when threatened with proceedings for a receiver, and that he has withheld from the complainant his share in said dividends when declared. It avers, on information and belief, that such dividends were withheld from other stockholders, and that Hammond has large sums which he refuses to divide, and is in the habit of loaning for his own profit.

It is a significant fact that this bill is filed by one comparatively small stockholder, and there is no showing (unless it is to be inferred from the affidavit of one Hart, the president) that other stockholders are dissatisfied with the management. There is no allegation of insolvency, and it is not disputed that the complainant, or the Rumney Land & Cattle Company, for whose acts he is claimed to be responsible, is in control of most, if not all, of the property of the corporation, aside from money, and it is claimed that until such cattle are put in condition for market, and sold in the ordinary course of business, its affairs cannot be profitably closed. It is not charged that Hammond is irresponsible, or that any of the property of the concern has been converted by him to his own use, except the unsubstantiated statement that he loans its money. On the other hand, it is obvious that the dispute over the unsettled claims between the two companies is the mainspring of this litigation. We are of the opinion that it is not shown that the interests of the great majority of the stockholders would be subserved by closing up the affairs of this corporation at this juncture, especially if, as alleged in the answer, it has a large claim against Rumney. The mutual claims of these companies can be settled by a direct proceeding for the purpose. We discover no necessity for

a receiver, unless it be to wind up the affairs of the corporation, and we do not see why that cannot be done by the corporation itself, if a majority think it advisable.

The order is reversed, with costs.

The other Justices concurred.